IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| ANTHONY T. BROOKS | * | |
| Plaintiff, | * | |
| v. | * | 1:08-CV-427-TMH |
| | | (WO) |
| FRANK MEREDITH, DETECTIVE, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Houston County Jail in Dothan, Alabama, filed this 42 U.S.C. § 1983 action on June 4, 2008. He complains that his constitutional rights were violated when he was subjected to malicious prosecution, issuance of a false arrest warrant, and an illegal arrest in August 2006. Plaintiff further complains that Defendants conspired to violate his constitutional rights.

Plaintiff brings this complaint for damages against Detective Frank Meredith; John Powell, Chief of Police; Douglas Valeska, District Attorney; and Matt Elofson, an investigative reporter for the Dothan Eagle. Upon review of the complaint, the court concludes that dismissal of some of Plaintiff's claims and some of the defendants prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

*A. Claims Against District Attorney Douglas Valeska*

Plaintiff challenges Defendant Valeska's conduct in initiating and prosecuting a charge of attempted murder against him. "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998). This immunity is applicable even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *accord*, *Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978).

> [A]bsolute immunity is an entitlement to be free from suit for money damages.... [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions. To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

The actions about which Plaintiff complains with respect to Defendant Valeska arise from this defendant's role "as an 'advocate' for the state" and such actions are "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676. (citations omitted). Defendant Valeska is, therefore, "entitled to absolute immunity for that conduct." *Id*. Thus, Plaintiff's request for damages against Defendant Valeska lacks an arguable basis and is due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*B. Claims Against Reporter Matt Elofson*

Plaintiff files this lawsuit against Matt Elofson, an investigative report for the Dothan Eagle newspaper. Not only does Plaintiff's complaint fail to state any claim against Defendant Elofson or allege that he was personally involved in the constitutional violations about which Plaintiff complains, *see Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) (*per curiam*) (court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption), there is also no indication that this defendant may be considered a state actor. To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation . . . *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). Based on the foregoing, Plaintiff's claims against Defendant Elofson are due to be

dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B)(i).

*C. The Conspiracy Claim*

Plaintiff alleges that Defendants Meredith, Powell, and Valeska conspired to issue a false arrest warrant against him and subject him to a false arrest for attempted murder. Plaintiff's vague, self-serving, and general allegations of a conspiracy are insufficient to state a viable § 1983 claim. *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendants Elofson and Valeska be DISMISSED with prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and/or (iii);

2. Defendants Elofson and Valeska be DISMISSED as parties to the complaint prior to service of process;

3. Plaintiff's conspiracy claim be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); and

4. Plaintiff's complaint against the remaining defendants be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **July 3, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous,

conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 19th day of June, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE